

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*          John Joseph Moakley United States Courthouse
                                          1 Courthouse Way
                                          Suite 9200
                                          Boston, Massachusetts 02210

October 13, 2005

C. Michael Clifford
Charles A. Clifford Law Office
305 Main Street
P.O. Box 62
Charlestown, MA 02129

       Re:  Angelo Martignetti, Jr.
            Criminal No. 05-10131-JLT

Dear Mr. Clifford:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Angelo Martignetti ("Martignetti"), in the above-captioned case. The Agreement is as follows:

       1.   Change of Plea

      At the earliest practicable date, Martignetti shall plead guilty to all counts in which he is named in the above-captioned Indictment: Cr. No. 05-10131-JLT. Martignetti expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through 20 of the Indictment, and is in fact guilty of those offenses.

       2.   Penalties

      Martignetti faces the following maximum penalties for each count of conviction: 30 years incarceration, a $100.00 special assessment, a maximum of 5 years supervised release; a maximum fine of $1,000,000 and forfeiture to the extent charged in the Indictment.

3.  <u>Sentencing Guidelines</u>

The sentence to be imposed upon Martignetti is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

> (a)  The parties stipulate and agree that the applicable base offense level is 7 pursuant to U.S.S.G. §2B1.1(a)(1);
>
> (b)  The parties stipulate and agree that the value of the loss attributable to Martignetti is more than $200,000 but less than $400,000 which results in a 12 level increase in the base offense level. U.S.S.G. §2B1.1(b)(1)(G);

The U.S. Attorney and Martignetti agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines.  Accordingly, neither the U.S. Attorney nor Martignetti will seek a departure on any ground from the Sentencing Guidelines.

Based on Martignetti's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Martignetti's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Martignetti:

> (a)  Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Martignetti is accountable under U.S.S.G. §1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Martignetti is accountable under U.S.S.G. §1B1.3;

    (f)    Engages in acts which form a basis for finding that Martignetti has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw his guilty plea.

Martignetti expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Martignetti expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. §3C1.1 if Martignetti obstructs justice after date of this Agreement.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)    A sentence of incarceration within the applicable guideline sentencing range;

    (b)    A fine within the applicable guideline range unless the court finds that Martignetti is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    Restitution in the amount of $263,678.69. Martignetti agrees that the Court should order restitution in this amount. 18 U.S.C. §3663(a)(3);

    (d)    Forfeiture as set forth in paragraph 9;

    (e)    Mandatory special assessment of $2000;

    (f)    3 years supervised release.

Martignetti agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Martignetti's sentence, the U.S. Attorney reserves his right to argue the correctness of Martignetti's sentence and the manner in which the District Court determines it.

    5.    <u>Payment of Mandatory Special Assessment</u>

Martignetti agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Martignetti establishes to the satisfaction of the Court that Martignetti is financially unable to do so.

    6.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Martignetti agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Martignetti has agreed to forfeit pursuant to this Agreement.

Martignetti agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Martignetti has an equity interest of less than $2,000; and

(2) Ordinary living expenses necessary to house, clothe, transport and feed Martignetti and those to whom he owes a legal duty of support, so long as such assets do not exceed $3,000 per month.

This prohibition shall be effective as of the date of Martignetti's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment are satisfied in full.

Martignetti further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Martignetti is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Martignetti is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. §2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Martignetti knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Martignetti's guilty plea and any other aspect of Martignetti's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Martignetti's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Martignetti faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Martignetti's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Martignetti may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Martignetti withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Forfeiture

Martignetti will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. §981 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property, including baseball cards, and real estate.

The assets to be forfeited specifically include, without limitation, $34,240.27 in U.S. currency. Martignetti admits that such currency is subject to forfeiture on the grounds that it constitutes proceeds of Martignetti's unlawful activity charged in Counts One through Twenty of the indictment. Martignetti therefore consents to the forfeiture of all of Martignetti's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Martignetti agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Martignetti shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service, the

Federal Bureau of Investigation to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

Martignetti hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Martignetti cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Martignetti up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Martignetti shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Martignetti currently has any legal or beneficial interest, and all assets over which Martignetti has exercised control, or has had any legal or beneficial interest, at any time, from March, 2002 to the present. At the request of the U.S. Attorney, Martignetti further agrees to be deposed with respect to Martignetti's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Martignetti's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Martignetti, nor shall the forfeitures be used to offset Martignetti's tax liability or any other debt owed to the United States.

Martignetti further agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Martignetti acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

In addition to all other waivers or releases set forth in this Agreement, Martignetti hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

10. Information For Presentence Report

Martignetti agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Martignetti may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

12. Rejection of Plea By Court

Should Martignetti's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Martignetti, this Agreement shall be null and void at the option of the U.S. Attorney.

13. Breach of Agreement

If the U.S. Attorney determines that Martignetti has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this

Agreement in their entirety by notifying Martignetti, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Martignetti recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Martignetti understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Martignetti before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Martignetti hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Martignetti, please have Martignetti sign the Acknowledgment of Agreement below. Please also sign below as

Witness.  Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>Diane C. Freniere, Chief
>White Collar Crime Section
>
>_____
>Mark J. Balthazard
>Assistant U.S. Attorney

### ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Angelo Martignetti, Jr.
Defendant

Date: 2/8/06

I certify that Angelo Martignetti, Jr. has read this

Agreement in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

```
                              _____
                              C. Michael Clifford, Esq.
                              Attorney for Angelo Martignetti, Jr.


                              Date:_____
```