UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff,   ) | Criminal No. 05-10131-JLT |
| v.   ) | |
|   ) | |
| ANGELO MARTIGNETTI,   ) | |
| Defendant.   ) | |

**UNITED STATES' MOTION FOR
<u>FINAL ORDER OF FORFEITURE AND MONEY JUDGMENT</u>**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Final Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 981 and 28 U.S.C. §2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.  In support thereof, the United States sets forth the following:

1.   On or about May 26, 2005, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Count Indictment charging defendant Angelo Martignetti, Jr., ("the Defendant") with Embezzlement by a Bank Employee, in violation of 18 U.S.C. §656, (Counts One through Twenty).

2.   The Indictment also contained a Criminal Forfeiture Allegation, seeking the forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the Defendant's violations of 18 U.S.C. §656, including, but not

limited to, $263,678.69[1] in U.S. Currency (the "Defendant Currency").

3.  The Criminal Forfeiture Allegation of the Indictment also provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1).

4.  On or about February 8, 2006, pursuant to a written plea agreement filed with this Court, the Defendant pleaded guilty to Counts One through Twenty of the Indictment.  In his plea agreement, the Defendant agreed he would forfeit to the United States $34,240.27 on the grounds that these assets constituted proceeds of the Defendant's unlawful activity.  The Defendant also agreed that, if the directly forfeitable assets were not available, the United States was entitled to forfeit, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1), substitute

---

[1] The amount $263,678.69 represented the approximate total amount of funds from Eastern Bank illegally obtained by the Defendant.

assets, up to the value of the directly forfeitable assets of $34,240.27.

5. An order of forfeiture may take several forms, including an order for a money judgment, or the forfeiture of directly forfeitable property, or substitute assets. The entry of an Order of Forfeiture in the form of a money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. In this case, based on the plea agreement and the defendant's guilty plea and admissions, and the facts set forth by the United States in support of the plea, the United States has established the requisite nexus between the assets to be forfeited and the offenses to which the Defendant pled guilty. Therefore the United States is entitled to a money judgment for $34,240.27.

6. Accordingly, the United States now moves for the entry of Final Order of Forfeiture and Money Judgment against the Defendant in the amount of $34,240.27. See Federal Rules of Criminal Procedure 32.2(b)(1), and (c)(1).

7. Pursuant to Fed. R. Crm. P. Rule 32.2(b)(3), a Final Order of Forfeiture and Money Judgment should be included in the sentencing pronouncement by the Court and sentencing hearing, and must be included in the Criminal Judgment entered against the Defendant.

WHEREFORE, the United States respectfully requests:

(1) that this Court enter a Final Order of Forfeiture and Money Judgment against the above-described $34,240.27 in U.S. Currency in the form submitted herewith; and

(2) that the Final Order of Forfeiture and Money Judgment be included in the oral pronouncement at the sentencing hearing and in the Criminal Judgment ordered by the Court.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                        BY:   /s/Jennifer H. Zacks
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorney
                                        Suite 9200, 1 Courthouse Way
                                        Boston, MA 02210
                                        Telephone: (617) 748-3100

Date: February 21, 2006

CERTIFICATE OF SERVICE

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion for a Final Order of Forfeiture and Money Judgment, as well as a proposed Final Order of Forfeiture and Money Judgment were filed by the Electronic Court Filing System (ECF) and I have served a true copy of the foregoing, on C. Michael Clifford, Esq., Charles A. Clifford Law Office, 305 Main Street, P.O. Box 62, Charlestown, MA 02129, attorney of record for Angelo Martignetti, by first class mail, postage prepaid and by facsimile transmission.

                                                  /s/Jennifer H. Zacks
                                                  JENNIFER H. ZACKS
                                                  Assistant U.S. Attorney

                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
            Plaintiff,       )    Criminal No. 05-10131-JLT
      v.                     )
                             )
ANGELO MARTIGNETTI,          )
            Defendant.       )

### FINAL ORDER OF FORFEITURE AND MONEY JUDGMENT

TAURO, D.J.;

WHEREAS, on or about May 26, 2005, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Count Indictment charging Angelo Martignetti, Jr. ("the Defendant"), with Embezzlement by a Bank Employee, in violation of 18 U.S.C. §656, (Counts One through Twenty);

AND WHEREAS, the Indictment also contained a Criminal Forfeiture Allegation, seeking the forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to such violations of 18 U.S.C. §656, including, but not limited to, $263,678.69[1] in U.S. Currency (the "Defendant Currency");

AND WHEREAS, on or about February 8, 2006, a Change of Plea hearing was held, whereby the Defendant, pursuant to a written plea agreement, pleaded guilty to Counts One through Twenty of the Indictment;

---

[1] The amount $263,678.69 represented the approximate total amount of funds from Eastern Bank illegally obtained by the Defendant.

AND WHEREAS, in his written plea agreement the Defendant agreed he would forfeit to the United States $34,240.27 on the grounds that these assets constituted proceeds of the Defendant's unlawful activity, to which he was pleading guilty and which are subject to forfeiture pursuant to 18 U.S.C. §981 and 28 U.S.C. §2461(c);

AND WHEREAS, by virtue of the Defendant's guilty plea, and based on his plea agreement and admissions, the United States is now entitled to forfeiture of the $34,240.27;

AND WHEREAS, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture and Money Judgment must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture and Money Judgment is allowed.

2. The Defendant shall forfeit to the United States $34,240.27 in U.S. Currency (the "Forfeited Asset").

3. The Federal Bureau of Investigation shall take custody of the Forfeited Asset, and shall dispose of it according to law and this Order.

4. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's

admissions, guilty plea, plea agreement and the facts set forth by the United States in support of the plea, that the United States has established the requisite nexus between the Forfeited Asset and the offenses to which the Defendant pled guilty.

5.  Accordingly, all of the Defendant's interest in the Forfeited Asset is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 18 U.S.C. §981 and 28 U.S.C. §2461(c).

6.  Pursuant to Rule 32.2(b)(1), this Order shall constitute a personal money judgment against the Defendant.

7.  Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

8.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Boston, Massachusetts, this \_\_\_\_ day of _____, 2006.

_____
JOSEPH L. TAURO
United States District Judge